IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAREN TUCKER, | |
| Plaintiff, | Civil No. 17-13738 (RBK/AMD) |
| v. | **OPINION** |
| ERIC HARGAN, Acting Secretary of Health and Human Services | |
| Defendant. | |

**KUGLER**, United States District Judge:

Karen Tucker ("Plaintiff") is proceeding *pro se* with a complaint against the United States Department of Health and Human Services ("Defendant" or "HHS"). The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint shall be dismissed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a New Jersey resident.[1] (Compl. at 3) Plaintiff filed suit on December 28, 2017. (Doc. No. 1). Plaintiff's complaint recites pages of incoherent legalese (it is 120 pages long), but the gist of it—as it appears to this Court—is essentially a demand for $1,652,000 from

---

[1] Plaintiff resides at One Erynwood Avenue, Marlton, New Jersey. (Compl. at 3).

1

the United States Government for successfully prosecuting Plaintiff for Medicare fraud.[2] (*See* Compl.).

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

### A. Jurisdiction

Plaintiff invokes federal question jurisdiction under 28 U.SC. § 1331 and original diversity jurisdiction under 28 U.S.C. § 1332.

### B. Sovereign Immunity

The federal government has sovereign immunity unless it waives its immunity or consents to suit. "It is an axiom of our jurisprudence. The government is not liable to suit unless it consents thereto, and its liability in suit cannot be extended beyond the plan language of the statute authorizing it." *Price v. United States*, 174 U.S. 373, 375-76 (1899).

Plaintiff's suit is just the sort barred by sovereign immunity. While in her complaint Plaintiff cites pages of statutes, judicial opinions, and the United States Constitution itself, she offers nothing that resembles a coherent assertion of how or why she is able to bring suit against the federal government. (*See* Compl.). As such, her case must be barred from proceeding because it seeks "monetary relief against a defendant who is immune from such relief." 28 U.S.C.

---

[2] Parsing out the meat of the complaint here would be an academic exercise and is unnecessary for this Court's decision today.

§ 1915(e)(2)(B)(iii).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's complaint is dismissed. An appropriate order follows.

Dated: 03/14/2018                                       s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United State District Judge